## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC MURDOCK,<br>    Plaintiff | : <br> : <br> : | No. 1:20-cv-2138 |
| v. | : <br> : | (Judge Rambo) |
| GENE BROWN, *et al.*,<br>    Defendants | : <br> : <br> : | |

### **MEMORANDUM**

This matter is before the Court pursuant to the motion to dismiss (Doc. No. 19) filed by Defendant Pennsylvania Department of Corrections ("DOC").

### I.    BACKGROUND

On November 17, 2020, *pro se* Plaintiff Eric Murdock ("Plaintiff"), who is currently incarcerated at the State Correctional Institution Benner Township in Bellefonte, Pennsylvania ("SCI Benner Township"), initiated the above-captioned action by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants inmate Gene Brown ("Brown"), C.O. 1 Rosse ("Rosse"), C.O. 1 Terra ("Terra"), Lt. Rinnger ("Rinnger"), PSS Dunn ("Dunn"), Robert Marsh ("Marsh"), and the DOC. (Doc. No. 1.) Plaintiff alleges that Defendants violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights by failing to protect him from an attack by inmate Brown. (*Id.*) Plaintiff seeks monetary damages as well as unspecified injunctive and mandamus relief. (*Id.* ¶¶ 1, 18.) In an Order dated November 25, 2021, the

Court dismissed Brown as a Defendant and directed service of the complaint on the remaining Defendants. (Doc. No. 5.) After receiving several extensions of time, Defendant DOC filed their motion to dismiss on April 20, 2021 and their brief in support thereof on May 25, 2021. (Doc. Nos. 19, 25.)

## II. LEGAL STANDARDS

### A. Motion to Dismiss, Federal Rule of Civil Procedure 12(b)(6)

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under *Twombly* and *Iqbal*, pleading requirements have shifted to a "more heightened form of pleading." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. *Id.* The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in *Iqbal*, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has

not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).  A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B

Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)); *see also Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (noting that when considering a motion to dismiss, courts may consider "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading").

In the context of *pro se* prisoner litigation specifically, the court must be mindful that a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### B.   Civil Rights Statute, 42 U.S.C. § 1983

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### III.  DISCUSSION

Defendant DOC asserts that Plaintiff's claims against it are barred by sovereign immunity. (Doc. No. 25 at 3-5.) The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). "Because the Commonwealth of Pennsylvania's Department of Correction sis part of the executive department of the Commonwealth , . . . it shares in the Commonwealth's Eleventh Amendment immunity." *Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000). Plaintiff's claims for injunctive relief against the DOC are also barred by the Eleventh Amendment. *See Beckett v. Pa. Dep't of Corr.*, 597 F. App'x 665, 667 (34d Cir. 205) (citing *Will v. Mich Dep't of State Police*, 491

U.S. 58, 71 (1989)). Moreover, the DOC does not qualify as a "person" amendable to suit pursuant to § 1983. *See Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012) (citing *Will*, 491 U.S. at 71). The Court, therefore, will grant Defendant DOC's motion to dismiss.

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002). Based on the foregoing discussion, it would be futile to grant Plaintiff leave to file an amended complaint against the DOC.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendant DOC's motion to dismiss. (Doc. No. 19.) Plaintiff will not be permitted to file an amended complaint. The above-captioned action will proceed on his claims against Defendants Rosse, Terra, Rinnger, Dunn, and Marsh. An appropriate Order follows.

                                                s/ Sylvia H. Rambo
                                                United States District Judge

Dated: June 10, 2021